IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **XEROX CORPORATION,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-4239-L** |
| | § | |
| **ATI ENTERPRISES, INC.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Xerox Corporation's Motion for Default Judgment Against ATI Enterprise, Inc., filed March 26, 2014. After careful consideration of the motion, record, and applicable law, the court **grants** Xerox Corporation's Motion for Default Judgment Against ATI Enterprises, Inc.

**I.     Background**

Xerox Corporation ("Plaintiff" or "Xerox") filed this action on October 21, 2013, against ATI Enterprises, Inc. ("Defendant" or "ATI"). Xerox seeks to recover under a theory of breach of contract as a result of ATI failing to comply with a number of contracts or Agreements. For the breaches of those Agreements, Xerox seeks compensatory damages, prejudgment interest, attorney's fees, and costs of court.

Xerox served ATI's duty authorized agent with a copy of Plaintiff's Original Complaint ("Complaint") and Summons on November 18, 2013. ATI was required to answer the Complaint or otherwise respond to it within 21 days of the date of service. *See* Fed. R. Civ. P. 12. Thus, the day for ATI to answer or otherwise respond was December 9, 2013. As of today's date, ATI has

not answered or otherwise defended. Xerox requested the clerk of court to enter default on March 26, 2014, and the clerk entered default on the same day.

The record reflects that ATI is a corporation. As such, it is not an infant, incompetent person, or member of the United States military.

## II.     Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of the court has entered a default against ATI.

ATI, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that ATI breached the Agreements and contracts set forth in the Complaint, is in default, and Xerox is entitled to a default judgment and appropriate damages.

## III.    Damages, Attorney's Fees, and Interest

### A.    Damages

Xerox seeks damages of $284,937.20 for the breaches committed by ATI. The record amply supports that amount for all of the breaches committed by ATI, and the total amount for the breaches committed is $284,937.20.

### B.     Attorney's Fees

The record does not support Xerox's claim for attorney's fees. According to the declaration of Sarah Nicholson-Read, the Letter of Engagement for legal services between Xerox and Cavazos, Hendricks, Poirot & Smitham, P.C. (the "Firm") sets a contingency fee of 25% on the amount recovered by the Firm on Xerox's behalf. Plaintiff seeks $71,234.30, which is 25% of $284,937.20, the amount of compensatory damages to which Xerox is entitled and was awarded.

Xerox seeks 25% as attorney's fees in *addition* to the amount owed for the breaches. The court disagrees that Xerox should recover attorney's fees in addition to the amount of compensatory damages. Based on the Letter of Engagement, the Declaration of Ms. Nicholson-Read, statements of counsel at the hearing on November 20, 2014, and a plain interpretation of the Letter of Engagement, Xerox is obligated to pay the Firm as attorney's fees 25% of what is recovered from ATI, and not necessarily the amount awarded. For example, if the Firm recovers the full amount of the judgment awarded or some lesser amount, the attorney's fees to which the Firm is entitled is 25% of the amount the Firm recovers; and the amount of attorney's fees comes from the amount recovered. Xerox has not provided the court with any documentation that it is entitled to recover attorney's fees pursuant to a statute or contract. Accordingly, no attorney's fees will be awarded to Xerox in this case.

### C.     Interest

Xerox also seeks prejudgment interest and contends that the default rate on each Agreement or contract is 18% per year. At the hearing held on November 20, 2014, Xerox's counsel stated, "I don't think Xerox would lose any sleep, Your Honor, if interest were not included as part of the default judgment," and that "Xerox would be fine if [prejudgment interest] were not calculated as part of the default judgment." The court treats this statement as a waiver or abandonment of

**Memorandum Opinion and Order – Page 3**

Xerox's request for prejudgment interest, and, accordingly, the court will make no award of prejudgment interest; however, the court will award postjudgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961.

**IV.     Conclusion**

For the reasons herein stated, the court **grants** Xerox Corporation's Motion for Default Judgment Against ATI Enterprise, Inc. Xerox is entitled to and shall recover a judgment against ATI in the amount of $284,937.20, plus reasonable costs. The court finds that Xerox is entitled to recover allowable and reasonable costs in the amount of $724.61. The court, as required by Federal Rule of Civil Procedure 58, will enter judgment by a separate document.

**It is so ordered** this 12th day of March, 2015.

Sam A. Lindsay
United States District Judge